UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v

SIXTY-SIX THOUSAND THREE HUNDRED
SIXTY-NINE DOLLARS ($66,369) IN U.S.
CURRENCY, *et al.,*

       Defendant.
_____/

Case No. 16-10680
HON. VICTORIA A. ROBERTS

## ORDER GRANTING THE GOVERNMENT'S MOTION TO STRIKE BANKRUPTCY TRUSTEE'S CLAIM AND TO ENTER JUDGMENT ON THE PLEADINGS AGAINST THE TRUSTEE

### I. INTRODUCTION

The Government asks the Court to strike the Chapter 7 Bankruptcy Trustee's claim to two bank accounts and enter a Judgment on the Pleadings because: (1) the Trustee lacks standing; and (2) the doctrine of collateral estoppel bars the Trustee from litigating whether he has a claim to the accounts. The Court agrees.

Because the Court previously held that the accounts are not property of the bankruptcy estate, the Trustee has no claim.

The Government's Motion is **GRANTED.** The Trustee's claim to the accounts is struck. Judgment will enter in favor of the Government.

### II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In September of 2015, the Drug Enforcement Agency seized $230,068.79 and $11,793.55 from two Fifth Third Bank accounts in the names of VPH

1

Pharmacy PC and VPH Pharmacy, Inc., respectively ("VPH accounts"). On May 17, 2016, the Government filed its second amended complaint in this *in rem* civil forfeiture proceeding against more than $1,000,000 held in numerous bank accounts, including the VPH accounts, pursuant to 21 U.S.C. § 881(a)(6), 18 U.S.C. §§ 981(a)(1)(A) and/or 981(a)(1)(C). The Government alleges the account proceeds were generated from or traceable to drug diversion and/or health care fraud used to facilitate federal crimes, or property involved in money laundering.

On January 13, 2017, VPH Pharmacy ("VPH") filed for Chapter 11 bankruptcy. The petition was later converted to a Chapter 7 bankruptcy. The Chapter 7 Trustee filed an adversary proceeding on February 15, 2018 seeking turnover of the VPH accounts pursuant to 11 U.S.C. § 542(a); and, alleging fraudulent transfer under 11 U.S.C. § 550(a)(1)(B). The Trustee alleged that the VPH accounts were part of the bankruptcy estate. Alternatively, he sought to avoid and recover the VPH accounts as a fraudulent transfer.

On April 23, 2018, the Government filed its motion to withdraw the reference from the bankruptcy proceeding with respect to the VPH accounts. The Court granted the motion, holding that because the Government seized the VPH accounts before VPH filed for bankruptcy, VPH had no equitable right to the accounts, and they were not includable in the bankruptcy estates.

Accordingly, the two VPH accounts listed in the Government's second amended forfeiture complaint were withdrawn from the Bankruptcy Court.

### III. LEGAL STANDARD

#### a. Motion to Strike Claim Pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

Rule G(8)(c) provides that "[a]t any time before trial, the government may move to strike a claim or answer" either (a) "for failure to comply with Rule G(5) or (6)," or (b) "because the claimant lacks standing." Rule G(8)(c)(i)(A)-(B). The Rule also provides that a motion to strike must be decided before a claimant's motion to dismiss, and "may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence." Rule G(8)(c)(ii)(A)-(B).

#### b. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is analyzed using the same standard employed for a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 582 (6th Cir. 2007) (internal quotation marks and citation omitted). A motion brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (internal citation and quotation marks omitted).

## IV. DISCUSSION

### a. The Trustee Does Not Have Standing and is Collaterally Estopped from Asserting a Claim

The Trustee says the Court, when reviewing a motion for judgment on the pleadings, must accept the allegations in his claim as true, including the allegation that "the trustee has an ownership, possessory, or judicial lien in the seized funds." This is incorrect. The Court must accept all "well-pleaded material allegations of the pleadings of the opposing party" as true, but, "'need not accept as true legal conclusions or unwarranted factual inferences.'" *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581-82 (6th Cir. 2007) (quoting *Mixon v. Ohio,* 193 F.3d 389, 400 (6th Cir. 1999)). Because the Court already made a finding that the Trustee has no ownership, possessory, or judicial lien in the VPH accounts, the allegation in the Trustee's claim to the contrary need not – and cannot – be accepted as true.

It is undisputed that a trustee stands in the shoes of the debtor and "has standing to bring any action that the bankrupt could have brought had he not filed for bankruptcy." *In re Cannon,* 277 F.3d 838, 853 (6th Cir. 2002) (internal citations omitted). Subject to certain exceptions, the bankruptcy estate is comprised of "all legal and equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1).

Specifically in this regard, the Court held VPH has no equitable right to the proceeds of the two accounts. *In re VPH Pharmacy,* 2018 WL 3574721 at *2 (E.D. Mich. July 25, 2018). Because VPH cannot bring a claim for the VPH accounts, the Trustee lacks standing to bring a claim.

4

The Trustee is also barred by collateral estoppel. The Government says because this Court already held that the VPH accounts are not part of the bankruptcy estate, the Trustee is barred from asserting the same argument now. The Government is correct.

The Trustee says collateral estoppel does not apply because the Court's previous ruling did not specifically decide whether the Trustee can assert a claim in this civil forfeiture proceeding; rather, the Court decided only to allow the Government to withdraw the VPH accounts from the bankruptcy court's jurisdiction.

Even if the Court's previous order is not worded in the way the Trustee suggests it should have been, the import of the Court's ruling is clear: the VPH accounts are not part of the bankruptcy estate.

The Trustee is barred from asserting a claim over the VPH accounts.

## V. CONCLUSION

The Government's motion is **GRANTED.** The Trustee's claim to the accounts are struck. Judgment will enter in favor of the Government.


Dated: July 10, 2019            s/ Victoria A. Roberts
                                                      Victoria A. Roberts
                                                      United States District Judge