UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SIXTY-SIX THOUSAND THREE
HUNDRED SIXTY-NINE DOLLARS
($66,369) IN U.S. CURRENCY, et al.,

    Defendants.
_____/

Case No. 16-10680
Honorable Victoria A. Roberts

## ORDER GRANTING IN PART AND DENYING IN PART CHAPTER 7 TRUSTEE'S MOTION TO STAY PENDING APPEAL [ECF No. 66]

Before the Court is the Chapter 7 Bankruptcy Trustee's (the "Trustee") Motion to Stay Pending Appeal (the "Motion"). The Motion is fully briefed.

The underlying dispute concerns who has a valid claim to $241,862.34 (the "Funds") seized by the United States of America (the "United States") as part of a criminal proceeding. Those funds are in the custody and/or control of the United States.

On July 10, 2019, the Court entered an "Order Granting the Government's Motion to Strike Bankruptcy Trustee's Claim and to Enter Judgment on the Pleadings Against the Trustee." In relevant part, the Court found that the Trustee has no claim to the Funds because the Funds are not property of the bankruptcy estate. The Court entered Judgment in favor of the United States, and the Trustee filed a notice of appeal.

The Trustee now requests that the Court "stay disposition and/or disbursement of [the Funds] while [his] appeal is pending."

Under Federal Rule of Civil Procedure 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders

otherwise." The United States acknowledges in its response that this "discretionary provision" allows the Court to continue a stay beyond 30 days. However, it opposes the Trustee's request to stay.

Although the parties' briefs indicate there is a dispute that must be resolved, a close review of their positions proves otherwise.

The United States says the Trustee cannot show he will be irreparably harmed absent a stay because there are less restrictive ways to protect the Trustee's claim in the Funds if his appeal succeeds. Specifically, the United States says "[t]he Court could order . . . that the [F]unds remain in the pre-forfeiture account they are in now pending resolution [of the appeal]."

This is precisely the relief the Trustee seeks. He does not ask the Court to prevent the United States from continuing settlement discussions with other claimants.

Because the United States does not object to keeping the Funds in the pre-forfeiture account they are in now pending resolution of the Trustee's appeal, the Court need not analyze the factors set forth in *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150 (6th Cir. 1991).

To the extent the Untied States contends that the Trustee should be required to post a bond under Rule 62(b), the Court finds that a bond is unnecessary because the Funds are in the United States' custody and/or control and secure. *See de la Fuente v. DCI Telecommunications, Inc.*, 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003) ("The bond requirement should not be eliminated or reduced unless doing so 'does not unduly endanger the judgment creditor's interest in ultimate recovery.'" (citation omitted)).

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Trustee's Motion for Stay Pending Appeal.

To the extent the Trustee requests that the Court stay disposition and/or disbursement of the Funds while his appeal is pending, the Court GRANTS the Motion. The United States must keep the Funds in the pre-forfeiture account they are in now pending resolution of the Trustee's appeal.

To the extent the Trustee seeks other relief, the Motion is DENIED.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: August 20, 2019