UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.	    Case No.: 16-10680
    Honorable Victoria A. Roberts

SIXTY-SIX THOUSAND THREE HUNDRED
SIXTY-NINE COLLARS ($66,369) IN U.S.
CURRENCY, ET AL.,

    Defendants *in rem*,
_____/

## ORDER CONCERNING ATTORNEY'S LIEN

Arthur Jay Weiss formerly represented Claimants Devenkumar Patel, Amee Vinodbhai Patel, Amee Patel, the Rosetta Group, Inc., Metro Man 1, Inc., and Canalis Medical Pharmacy. On March 4, 2020, he filed a motion to withdraw as their counsel, citing a breakdown in the attorney-client relationship. The Court granted his request. At the same time, Mr. Weiss filed a Notice of Attorney's Lien against the same group of clients in the amount of Thirty-One Thousand Seven Hundred Ninety-Three and 93/100 Dollars ($31,793.93) for attorney fees, costs and expenses.

This case is an *in rem* proceeding filed by the United States stemming from the seizure by the Drug Enforcement Agency ("DEA") of various bank accounts. The Government alleges that all of these proceeds

1

resulted from health care fraud in violation of federal law and are moneys involved in money laundering transactions in violation of 18 U.S.C. § 1956 and/or § 1957. The Court sentenced Devenkumar Patel for Health Care Fraud (18 U.S.C. § 1347) and Distribution of Controlled Substances (21 U.S.C. § 842(a)(1) and (B)(2)(A)).

The United States has been involved in attempts to settle this case and dismiss the Second Amended Complaint. If the Court approves the settlement, the Government would return approximately $250,000 to the Patel related entities.

In early May, 2020, the parties submitted a proposed Stipulation for Partial Dismissal of Complaint. Mr. Weiss objected to the proposal because it did not preserve his notice of lien and did not prevent the distribution of funds which could render his notice a nullity. Mr. Weiss filed Objections To Entry of Stipulation and Order For Partial Dismissal of Case [ECF No. 81]. The Government filed its Objection to Counsel's Lien [ECF No. 83]; Amee Patel, Devenkumar Patel and all related entities filed a Statement Of Partial Objection and Proposed Resolution Related to Attorney's Lien [ECF No. 84]; and, Samuel Sweet, in his capacity as Bankruptcy Trustee, filed a Limited Objection To Notice of Attorney's Lien [ECF No. 82].

On Wednesday, December 30, 2020, the Court held a telephone conference. Attending were: Julie Beck representing the Government; Arthur Jay Weiss representing himself; Mohammed Abdrabboh representing Amee and Devenkumar Patel and related entities; and, Anthony Kochis representing the Bankruptcy Trustee.

Based on the discussion held, the Court **ORDERS:**

1. Any Stipulation for Dismissal entered into between the parties must acknowledge the Notice of Attorney's Lien filed by Mr. Weiss on March 4, 2020 and acknowledge his right to be paid for services rendered to the Patels and related entities – first – out of whatever funds the Government intends to pay to the Patels related entities as settlement in this litigation.

2. As soon as the Stipulation for Dismissal is entered by the Court, the Government must take steps to send the agreed upon amount to Mr. Abdrabboh's client trust account.

3. Mr. Abdrabboh must first satisfy Mr. Weiss's lien in the full amount of $31,793.93 before disbursing funds to the Patels and/or related entities.

4. Any Stipulation for Dismissal must acknowledge the Memorandum of Understanding ("MOU") entered into between the parties and the two accounts which the Patels claim the DEA forfeited on which no notice of claim was filed by Mr. Weiss when he served as their attorney.

5. Mr. Weiss must serve as a legal and fact witness and provide information to Ms. Beck, explaining why no claims were filed on the two accounts addressed in the MOU. Mr. Weiss must do this at no cost to the Patels.

6. Once Mr. Weiss meets with Ms. Beck, they must provide a Joint Statement to Mr. Abdrabboh which contains all of the information and documents he provided to Ms. Beck.

7. Over the objection of Mr. Abdrabboh, upon receipt of the Joint Statement, the Patels and related entities must provide a full and complete release of liability to Mr. Weiss for the services he rendered them in this litigation.

**ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 12/31/2020