UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

v.

SIXTY-SIX THOUSAND THREE
HUNDRED SIXTY-NINE DOLLARS
($66,369) IN U.S. CURRENCY, ET AL.,

    Defendants.
_____/

Case No. 16-10680
Honorable Victoria A. Roberts

# ORDER

On Thursday, September 22, 2022, the Court held a telephone status conference on the Sixth Circuit decision concerning the appeal taken in this case. The mandate issued October 14, 2022.

Specifically, the Patels (Devenkumar Patel, Amee Vivodbhai Patel, and Amee Patel), appealed ECF No. 88 entered by this Court on December 31, 2020, Order Concerning Attorney's Lien. There, the Court ordered that the Government had to satisfy an attorney lien filed by Arthur Weiss from approximately $250,000 the Government intended to return to the Patels from forfeited funds.

1

Participating in the telephone status conference were: Julie Beck representing the United States of America; Mark Bendure and Mohammed Abdrabboh representing Devenkumar Patel and Amee Vivodbhai Patel; and Arthur Weiss representing himself.

By way of background, Arthur Weiss filed a motion on March 4, 2020 to withdraw from representation of Claimants Devenkumar Patel, Amee Vivodbhai Patel, The Rosetta Group, Metro Man 1, Inc., DeRosa Group, Inc., and Canalis Medical Pharmacy, LLC. He cited a breakdown in the attorney-client relationship. The Court granted his request. At the same time, Mr. Weiss filed a Notice of Attorney's Lien for Thirty-One Thousand Seven Hundred Ninety-Three and 93/100 Dollars ($31,793.93).

This case is an *in rem* proceeding filed by the United States stemming from the seizure by the Drug Enforcement Agency of various bank accounts. The Government alleges that all of these proceeds resulted from health care fraud in violation of federal law and are monies involved in money laundering transactions in violation of 18 U.S.C. § 1956 and/or § 1957. The Court sentenced Devenkumar Patel for Health Care Fraud (18 U.S.C. § 1347) and Distribution of Controlled Substances (21 U.S.C. § 842(a)(1) and (B)(2)(A)).

Under a Court-approved settlement, the Government would return approximately $250,000 to the Patel-related entities.

In early May, 2020, the parties submitted a proposed Stipulation for Partial Dismissal of Complaint. Mr. Weiss objected because it did not preserve his notice of lien and did not prevent the distribution of funds which could render his notice a nullity. Mr. Weiss filed Objections to Entry of Stipulation and Order for Partial Dismissal of Case [ECF No. 81]. The Government filed its Objection to Counsel's Lien [ECF No. 83]; Amee Patel, Devenkumar Patel, and all related entities filed a Statement of Partial Objection and Proposed Resolution Related to Attorney's Lien [ECF No. 84].

In its Order Concerning Attorney's Lien, the Court stated, "Over the objection of Mr. Abdrabboh (counsel for the Patels), . . . the Patels and related entities must provide a full and complete release of liability to Mr. Weiss for the services he rendered them in this litigation." Order Concerning Attorney's Lien [ECF No. 88]. The Patels objected to a release. On appeal, the Patels argue the district court did not have the authority to declare release of liability in light of their objection because "[t]here was no professional liability claim before the court to adjudicate." Appellant's Br. 11. They contend that Mr. Weiss was supposed to - but did - not file notices

3

eeno
eeno
eeno

of claims on two bank accounts holding approximately $148,000 which the Government administratively forfeited.

The Sixth Circuit held that the record is insufficient for it to determine whether this Court properly ordered the Weiss Release. The Sixth Circuit remanded the matter for further proceedings, saying, "On remand, we invite the district court to conduct evidentiary hearings or other proceedings it determines necessary to develop the record on the issue of the two forfeited accounts." *United States v. $66,369 in United States Currency*, No. 21-2981, 2022 WL 3585633, at *3 (6th Cir. Aug. 22, 2022).

The Court believes that neither an evidentiary hearing nor other proceeding is necessary.

In its Order Concerning Attorney's Lien, the Court required Mr. Weiss to meet with the Government to explain why he did not file claims on the two bank accounts. Mr. Weiss did that. He was also required to join with the Government to provide a joint statement to counsel for the Patels concerning statements and documents he gave to the Government in aid of its review of Mr. Weiss's lien and objections to a Government settlement with the Patels. Thereafter, the Government satisfied Mr. Weiss's lien for the services he rendered the Patels.

The two bank accounts at issue here – and whether Mr. Weiss should have filed claims pertaining to them – were not part of the *in rem* proceeding filed by the Government against the Patels and are not part of this case. In fact, the Court entered an order closing the case on August 27, 2021.

A district court may decline to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction. 28 U.S.C. § 1367(a).  Additionally, a court may decline supplemental jurisdiction at any stage of litigation, and the fact that it may have previously exercised such jurisdiction is not a bar to later relinquishing it. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966) ("The question of power [to exercise pendent jurisdiction] will ordinarily be resolved on the pleadings. But the issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation."); *see also Kubala v. Smith*, 984 F.3d 1132, 1137 (6th Cir. 2021).

Since all claims over which the Court had original jurisdiction have concluded, the Court declines to continue to exercise supplemental jurisdiction over what, in essence, might be a claim for an alleged legal malpractice case that could be in state court.  28 U.S.C. § 1367(c)(3).

**ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 14, 2022